# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KONINKLIJKE PHILIPS ELECTRONICS N.V., a Netherlands corporation,

    Plaintiff,

vs.

KXD TECHNOLOGY, INC., et al.,

    Defendants.

Case No.  2:05-cv-01532-RLH-GWF
Case No.  2:06-cv-00101-RLH-GWF

**ORDER**

   This matter is before the Court on Plaintiff Koninklijke Philips Electronics N.V.'s ("Philips") Motion to Compel Discovery from Defendants Amoi Electronics, Inc.; Amoi Electronics, Ltd.; and Amoi Electronics Co. ("Amoi Defendants") (#488), filed on December 21, 2006; Defendants' Opposition to Motion of Plaintiff Koninklijke Philips Electronics N.V. to Compel Discovery from Defendants Amoi Electronics, Inc.; Amoi Electronics, Ltd.; and Amoi Electronics Co. (#87), filed on January 5, 2007; and Reply to Amoi's Opposition to Plaintiff Koninklijke Philips Electronics N.V. Motion to Compel Discovery from Defendants Amoi Electronics, Inc.; Amoi Electronics, Ltd.; and Amoi Electronics Co., Ltd. (#523), filed on January 19, 2007.  The Court conducted a hearing on this matter on January 12, 2007.

## **BACKGROUND**

   In its Complaint (#1), filed under seal on December 28, 2005, Plaintiff alleges that Defendants are unlawfully using Philips' DVD+RW trademark in connection with the sale and distribution of DVD discs and DVD recorders.  Plaintiff's Complaint alleges causes of action against Defendants for

1  Federal Trademark Infringement and Counterfeiting, 15 U.S.C. § 1114(1); Federal Unfair Competition
2  & False Designation of Origin, 15 U.S.C. § 1125(a); Federal Trademark Dilution, 15 U.S.C. § 1125(c);
3  Deceptive Trade Practices, NRS § 598.0915; and Common Law Trademark Infringement and Unfair
4  Competition.  On January 5, 2006, the Court entered a temporary restraining and seizure order (#39)
5  which temporarily restrained Defendants from using Plaintiff's DVD+RW mark and from destroying or
6  otherwise making unavailable the counterfeit products, promotional and advertising materials, etc. that
7  reproduce, copy, imitate, or bear Plaintiff's DVD+RW mark, and any documents, or tangible things,
8  electronic files, and business records that pertain to the manufacture, sale, offer of sale, distribution,
9  advertising and marketing of the counterfeit products.  The order also authorized the United States
10 Marshal and other law enforcement officers, with the assistance of Philips, to seize and impound all
11 such products, documents and records.  In accordance with the seizure order, Philips seized allegedly
12 infringing products and/or documents from Defendant Sungale's offices on or about January 6, 2006.
13         On March 15, 2006, the Court granted a preliminary injunction (#252) in favor of the Plaintiff.
14 The Court found and concluded that it has jurisdiction over Defendants because they have committed
15 tortious acts in the District of Nevada, that Plaintiff is the exclusive owner of the DVD+RW mark, and
16 the trademark is distinctive of the goods with which they are associated, has gained national public
17 recognition, and is therefore a very strong mark.  The Court also found that Defendants have adopted
18 and affixed copies of the DVD+RW mark on the same types of goods with which the DVD+RW mark
19 is associated, but in particular with DVD recorders, DVD computer disc drives and DVD discs.  The
20 Court also found that Defendants are manufacturing, advertising, distributing, offering for sale, or
21 selling products which bear counterfeits of the DVD+RW mark and placing them in commerce in the
22 United States.  *Id.,* pages 2-3.  The Court found and concluded that Plaintiff is likely to succeed on its
23 infringement claims against the Defendants.  *Id.,* pages 3-4.  The Court enjoined Defendants from using
24 Plaintiff's DVD+RW mark and also enjoined Defendants from destroying or making unavailable the
25 counterfeit products, promotional and advertising materials and any documents, or tangible things,
26 electronic files, and business records that pertain to the manufacture, sale, offer of sale, distribution,
27 advertising and marketing of the counterfeit products.
28         On August 24, 2006, Plaintiff served on the Amoi Defendants its First Set of Interrogatories and

Requests for Production of Documents and Things. On October 9 and 27, 2006, the Amoi Defendants served their responses to Plaintiff's discovery requests. For the most part, the Defendants' discovery responses consisted of their general objections and specific objections to each of Plaintiff's requests for production and interrogatories. Defendants did not produce any documents responsive to Plaintiff's requests. Following receipt of Defendants' discovery responses, Plaintiff sent Defendants a "meet and confer" letter on November 20, 2006, outlining the alleged invalidity of Defendant's objections and lack of substantive responses or production of documents. On November 28, 2006, counsel for the parties conducted a telephonic meet and confer conference, which did not resolve the discovery dispute. Defendants argue that during this meet and confer conference, they agreed to produce supplemental discovery responses if Plaintiff's discovery requests were clarified and limited in key respects and once a protective order regarding confidential and propriety information was entered. Prior to the hearing in this matter, a protective order governing the production of confidential and propriety information was entered.

Defendants argue that Plaintiff seeks to require Defendants to produce documents that had been previously seized by Plaintiff pursuant to the January 6, 2006 seizure order. Defendants argued that the seized documents had never been returned to them by Plaintiff and they are unable to produce them. Plaintiff counters this assertion by arguing that a copy of the seized documents were returned to the Amoi Defendants in early 2006 and that Plaintiff subsequently offered to make a second copy of the documents on computer disc or hard drive for Defendants. Plaintiff argued that as of the hearing date, Defendants had not produced any documents in response to Plaintiff's requests for production of documents.

## DISCUSSION

Fed.R.Civ.Pro. 37(a)(2)(B) requires that a motion to compel include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). In this case, the parties' counsel conducted a three hour meet and confer conference on November 28, 2006. It does not appear to the Court, however, that this conference was conducted by either party in the manner contemplated by the

1  rules to reach agreement on the scope of Defendants' discovery responses.  *Cotacom Commodity*
2  *Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999), states in this regard as follows:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections.  They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve their dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

9  A number of Plaintiff's requests for production and interrogatories were broadly stated and
10 clearly lent themselves to clarification and further good faith discussions between the parties as to
11 precisely what documents and information Plaintiff was  actually seeking and what responsive
12 documents or information the Defendants were reasonably capable of producing; and what specific,
13 genuine objections Defendants actually had to Plaintiff's requests.  Given the manner in which the meet
14 and confer conference is described, it does not appear that the parties actually attempted to engage in
15 such a good faith conference.  The Court must, however, balance this conclusion against the fact that
16 Defendants have not produced any documents in response to Plaintiff's requests.  Plaintiff appears to
17 have a reasonable basis for its infringement claims against Defendants and a right to obtain discovery of
18 relevant information both as to the existence and extent of the alleged infringement and the profits that
19 Defendants have obtained through their alleged infringement activities.  The Court is also mindful of
20 the need to complete discovery in this matter and move it toward a resolution.  Given these
21 considerations, the Court exercises its discretion to consider the motion to compel but will take account
22 of Plaintiff's failure to engage in a meaningful meet and confer conference as it relates to the imposition
23 of any sanctions under Rule 37.  *See Shuffle Master,* 170 F.R.D. at 172 (D. Nev. 1996) (court declined
24 to award attorney's fees where moving party failed to satisfy meet and confer requirements.)
25 Fed.R.Civ.Pro. 26(b)(1) authorizes discovery regarding any matter, not privileged, that is
26 relevant to the claim or defense of any party.  Under Rule 26 (b)(2), however, the court may limit
27 discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is
28 obtainable from some other source that is more convenient, less burdensome, or less expensive, or that

the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006), the court recently noted that the purpose of the 2000 amendment to Fed.R.Civ.P. 26(b) was not only to narrow the scope of discovery, but also to address the rising costs and delay of discovery. Although there is general consensus that the amendments to Rule 26(b) "do not dramatically alter the scope of discovery," the purpose of the amendment was to require a greater degree of scrutiny in weighing the relevance versus the burden of the discovery. In deciding whether to restrict discovery under Rule 26(b)(2), "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court. (citations omitted.)" *Id.*

In this case, Defendants have objected to Plaintiff's discovery requests on grounds that they are irrelevant, vague, ambiguous, unintelligible, overbroad, and unduly burdensome and oppressive. Defendants also object to the requests for production to the extent that Plaintiff requests production of documents that have already been seized by Plaintiff pursuant to the seizure order entered in this case. In addition, Defendants assert objections based on the attorney-client privilege or work-product doctrine, or that they seek proprietary or confidential business information.

The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome or not relevant. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D.Ind. 2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *Id.,* citing *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384,387 (N.D. Ill. 1990.) *Walker v. Lakewood Condominium Owners Assoc.,*186 F.R.D. 584, 587 (C.D. Cal. 1999), further states:

> Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all. *See Josephs v. Harris Corp.*, 677 F.2d 985,992 (3rd Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"); *Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient).

1  *Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006), further states that
2  boilerplate relevancy objections that do not set forth any argument or explanation why the requested
3  documents are irrelevant are also improper.
4      In this case, the court has granted Plaintiff a preliminary injunction against Defendants and has
5  found that Plaintiff is likely to succeed on the merits in proving that Defendants have or are infringing
6  on Plaintiff's DVD+RW mark. *See A & M Records v. Napster, Inc.*, 239 F.3d 1004,1013 (9th Cir.
7  2001). Although not dispositive as to all objections based on lack of relevancy, the preliminary
8  injunction clearly demonstrates the relevant basis for Plaintiff's discovery requests and further
9  demonstrates that Defendants' "boilerplate" relevancy objections are without merit. The great majority
10 of Defendants discovery responses do not provide any specific argument or explanation for the basis of
11 their relevancy objections to each and every request or for their failure to produce any information or
12 documents in response to Plaintiff's interrogatories and requests for production.
13     Defendants argue that Plaintiff's motion to compel should be denied because Plaintiff has
14 asserted the same type of "boilerplate" objections to Defendants' discovery requests, and Plaintiff has
15 allegedly not produced any documents to Defendants to support Plaintiff's claims in this case. The
16 failure of the moving party to comply with the rules in regard to its own discovery responses is not,
17 however, a defense for the non-moving party's failure to provide proper discovery responses. Each
18 party is required to comply with the Federal Rules of Civil Procedure in responding to discovery. If
19 Plaintiff has failed to provide proper discovery responses, then Defendants' remedy is to file a motion
20 to compel, which they have done. Defendants are not, however, justified in asserting improper
21 objections and in refusing to provide proper discovery responses because the Plaintiff has allegedly
22 been guilty of the same type of discovery misconduct. Additionally, Defendants' argument that
23 Plaintiff has not produced any documents to support its claims against them is belied by the fact that the
24 Court has entered a temporary restraining order and preliminary injunction against the Defendants
25 based on documents and other information submitted to the Court in support of Plaintiff's motions.
26     In regard to Defendants' objections based on the attorney-client privilege or work-product
27 doctrine, Defendants were required to provide privilege logs regarding documents they claim are
28 privileged. In *Diamond State Insurance Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D.Nev. 1994), the

court stated that the party asserting the attorney-client privilege has the burden of making a *prima facie* showing that the privilege protects the information. This burden is met by demonstrating that the information adheres to the essential elements of the attorney-client privilege and is generally accomplished by the submission of a privilege log. A privilege log or affidavits supporting application of the work-product doctrine are also required. In this case, Defendants attached to their Opposition (#87), Exhibit "M", a privilege log regarding various email messages exchanged between Defendant's counsel and Defendant after this lawsuit was filed. This privilege log does not comply with the requirements of *Diamond State Insurance Co., supra,* 157 F.R.D. at 698-99, because it does not provide information as to the dates of the various email communications or the recipients of the communications. Defendants' privilege assertions, however, appear limited to these email messages between Defendant and its counsel. Defendants have failed to demonstrate that any other documents are protected by the attorney-client privilege or work-product doctrine, and the Court, therefore, holds that Defendants' objections based on the attorney-client or work-product privileges are waived, other than in regard to the emails listed in Exhibit "M" to Defendants' Opposition (#87). Defendants are also ordered to provide a privilege log regarding the documents identified in Exhibit "M" that fully complies with the requirements of a privilege log under *Diamond State Insurance Co., supra*.

      A stipulated protective order regarding the production of confidential and proprietary information has been entered in this case, and the absence of such a confidentiality order is no longer an excuse for not producing relevant documents. Therefore, Defendants are required to produce relevant documents or information subject to the provisions of the protective order regarding confidential, proprietary or trade secret information.

      Defendants also object to Plaintiff's Request for Production for documents that were previously seized by Plaintiff pursuant to the seizure order. Defendants argue that the seized documents were never returned to them. Plaintiff disputes this and also argues that it previously offered to produce another copy of the seized documents if Defendants' counsel provides Plaintiff's counsel with a hard drive on which to copy the seized documents. The Court will, therefore, order that Defendants' counsel provide a hard drive to Plaintiff's counsel so that Defendants may obtain a copy of the seized documents if they, in fact, do not have a copy of the documents.

1    In support of its argument that Defendants should also be required to produce previously seized
2    documents, Plaintiff cites this Court's statements and order during the August 11, 2006 hearing
3    regarding Plaintiff's motion to compel Co-Defendant Norcent Technology and Norcent Holdings, Inc.
4    ("Norcent") to supplement its initial disclosures under Fed.R.Civ.Pro. 26(a).  The Court's order
5    regarding Norcent, however, is distinguishable from the instant motion.  Rule 26(a)(1)(B) requires the
6    disclosing party to produce a copy of, or description by category and location of all documents in its
7    possession, custody, or control that it *may use* to support its claims or defenses. Defendant Norcent's
8    initial disclosures did not provide any documents or description of the specific documents that it
9    intended to use to support of its defenses and simply asserted that Plaintiff was in possession of the
10   documents by virtue of the seizure order.  The Court held that Plaintiff was not required to guess which
11   documents Norcent may rely on or use in support of its defense and directed that Norcent produce or
12   provide an adequate description of the documents it may use to support its defense regardless of
13   whether the documents were previously obtained by Plaintiff through the seizure order.  The scope of
14   required disclosures under Rule 26(a)(1)(B), however, is narrower than the scope of relevant discovery
15   under Rule 26(b).  While there may be good reason for requiring a party to produce documents pursuant
16   to a discovery request that have already been obtained by the opposing party through other means, this
17   Court's order regarding Norcent's Rule 26(a) disclosures does not provide the basis for requiring the
18   Amoi Defendants to produce documents in response to a Rule 34 request for production that are already
19   in Plaintiff's possession.

20   **A.    Plaintiff's Requests for Production of Documents.**

21   Plaintiff's Requests 1 and 2 request that Defendants produce all documents that support each
22   denial in Defendants' answer or that support each affirmative defense in Defendants' answer.
23   Notwithstanding Defendants' "boilerplate" objections, these requests appear overbroad on their face.
24   *See Kidwilder v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193 (N.D.W.Va. 2000);  *Hilt v. SFC, Inc.*,
25   170 F.R.D. 182, 186-87 (D. Kans. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836 (D.Colo. 2006)
26   *6.  Arguably, however, Requests 1 and 2 simply seek production of documents that Defendants may
27   use in support of their denials and affirmative defenses and which Defendants have an affirmative duty
28   to produce under Rule 26(a)(1)(B).  A party who fails to timely make Rule 26(a)(1)(B) disclosures will

1  be barred from using undisclosed documents at trial, on a motion or at a hearing. Defendants' Rule
2  26(a) disclosures have not been provided to the Court; and it is, therefore, unknown what documents
3  have been produced or identified by Defendants. Request No. 3 requests Defendants to produce the
4  documents identified in their initial disclosures, which suggests that Defendants have not produced their
5  Rule 26(a)(1)(B) documents to Plaintiff.

6       The Court will therefore treat Requests 1-3 as a request for documents that Defendants may use
7  in support of their defense. This case has been pending more than a year and Defendants have had
8  more than sufficient time in which to identify the documents that they may use in support of their
9  defense. Defendants are therefore directed to produce all documents which they have an affirmative
10 duty to disclose under Rule 26(a)(1)(B) within 14 days of the date of this order. Failure to produce such
11 documents will result in the imposition of sanctions which may include an order precluding Defendants
12 from introducing such documents at trial, on a motion, or at a hearing.

13      Defendants argue that they cannot respond to the other requests for production because the
14 definition of "ACCUSED PRODUCTS" in the requests for production is vague and overbroad. The
15 Court does not find the definition of this term to be vague or overbroad and finds that it is capable of
16 being reasonably understood by Defendants. Clearly, Plaintiff is seeking discovery of records that
17 relate to Defendants' use of the "ACCUSED PRODUCTS" as defined in the requests for production
18 and as alleged in Plaintiff's complaint. Under this definition, Defendants can reasonably determine the
19 documents that relate to the "ACCUSED PRODUCTS" and reasonably distinguish documents that
20 have no bearing on those products. The Court finds that it is not reasonable for Defendants to fail to
21 provide any documents in response to the requests for production on the grounds that the definition of
22 "ACCUSED PRODUCTS" might be given an overbroad meaning. Defendants' objections to these
23 requests based on the vagueness of this term are overruled, and Defendants are ordered to produce
24 documents responsive to the requests for production.

25      Defendants also argue that the meaning of the terms "DEDUCTIBLE EXPENSES" and
26 "GROSS REVENUE" are "problematic because the definitions incorporate terms that may be defined
27 differently in China – where two of the defendants are located." The Court also finds this objection to
28 be without merit. The definitions of these terms in Plaintiff's Requests state that "GROSS REVENUE"

1  and "DEDUCTIBLE EXPENSES" mean and refer, respectively, to Defendants' "sales revenues" and
2  "elements of cost or deductible[1] (sic) claimed" under 15 U.S.C. § 1117. These terms are simple and not
3  open to uncertainty as to meaning. Defendants have not explained how such terms might have different
4  meanings in China. Nor have Defendants shown that any such different meanings of these terms cannot
5  be translated into their equivalents under 15 U.S.C. § 1117. Defendants' objections on this ground are
6  overruled and Defendants are ordered to provide documents responsive to Plaintiff's requests for
7  production.

8        Defendants also object to discovery of their financial statements and tax returns. In order to
9  determine the profits that Defendants have allegedly obtained through violation of Plaintiff's trademark,
10 Plaintiff is entitled to obtain information regarding the Defendants' financial condition, incomes,
11 expenses and deductions. Defendants' financial statements and tax returns are likely to contain relevant
12 evidence or lead to the discovery of admissible evidence regarding Defendants' profits. In evaluating
13 the damages sustained by the alleged infringement, however, Plaintiff should not be forced to rely on
14 what Defendants selectively identify as relevant financial information. Under the circumstances of this
15 case, the Court finds that Plaintiff should be able to obtain, review and analyze Defendants' financial
16 records and tax returns in order to make its own determination as to the profits or income that
17 Defendants have generated from their alleged infringement of Plaintiff's trademark. Defendants are
18 ordered to respond to these requests.

19       Plaintiff's Request 11 requests that Defendants produce all documents that relate to any
20 litigation or administrative procedures and/or seizures by the United States Custom Service with which
21 Defendants have ever been involved, whether as a plaintiff or defendant, which involve or relate to
22 legal or factual matters similar to those in this litigation, including but not limited to, allegations of
23 copyright infringement, trademark infringement, unfair competition, trade dress infringement, or other
24 intellectual property claims. Request 12 requests production of all documents relating to any United
25 States Custom Service ruling or inquiry relating to Defendants regarding copyrights, trademarks, trade

---

[1] The statute uses the term "deduction" and the Court infers that this is the intended word in the definition of "DEDUCTIBLE EXPENSES."

1  dress, or other intellectual property rights.  The Court finds that these requests are relevant to the issue
2  of willful infringement by Defendants.  Documents need not be admissible in order to be relevant and
3  discoverable.  Documents relating to other litigation or enforcement proceedings against Defendants for
4  similar acts of infringement, or U.S. Customs Service rulings or inquiries relating to Defendants and
5  their affiliates, are sufficiently relevant to warrant discovery.  Although no time restrictions have been
6  placed on the requests for this information, the Court has also not been provided with information as to
7  how long Defendants have been in existence which would allow the Court to determine whether the
8  potential period covered by the requests is excessive.  Defendants have not made the requisite showing
9  of undue burden that would justify denial of the motion to compel on this ground.  Defendants are
10 ordered to produce relevant documents, if any, responsive to these requests.
11     Defendants are ordered to provide proper responses to requests for production of documents
12 within 14 days of the date of this order.
13     In regard to the production of documents that were previously seized by Plaintiff pursuant to the
14 seizure order, the Court cannot determine whether Defendants, in fact, have copies of the seized
15 documents.  The Court will therefore order that Defendants provide Plaintiff with the necessary discs or
16 hard drive so that Plaintiff can provide Defendants with another copy of the seized documents.  It
17 appears that Plaintiff's requests for production regarding the previously seized documents is to require
18 Defendants to identify any documents contained therein which it may use in support of its defenses.
19 *See the above discussion regarding Requests 1-3.*  Defendants should identify any such documents
20 contained in the seized documents which they are required to identify pursuant to Rule 26(a)(1)(B).
21 Otherwise, the Court sees no purpose to requiring Defendants to reproduce the documents previously
22 seized by Plaintiff.
23     **B.    Plaintiff's Interrogatories.**
24         **1.    Interrogatories 1, 3, 4 and 14.**  Interrogatory 1 asks for the identity of all of
25 Defendants' employees during the past four years.  Interrogatory 14 asks for the identity of all persons
26 who participated or are participating in any manner in the design, manufacture, advertising, creation,
27 production, importation, packaging, distribution, sale or offer for sale of each of the ACCUSED
28 PRODUCTS.  Defendants object to these interrogatories on the grounds that they are overbroad and

11

1 seek the identity of employees regardless of whether they have any relevant knowledge or information.
2 Defendants further assert in their Opposition that they have approximately 20,000 employees and that
3 responding to these interrogatories to identify all such employees would be unduly burdensome and
4 expensive.  These interrogatories are overbroad on their face.  The Court will, therefore, limit the
5 Defendants' answers to this interrogatory to Defendants' officers, directors, key employees; i.e.,
6 managerial employees or department head employees.   The Court will also place a similar limitation on
7 Defendants' answers to Interrogatories 3 and 4 which ask for the identity of persons who operate,
8 manage or control Defendants' website and email files.  It will be a sufficient response to these
9 interrogatories to identify the persons who are responsible for the management of the operation and
10 control of Defendants' web site and email files.

11          **2.      Remaining Interrogatories**.  The Court finds that Defendants can properly and
12 fully respond to the remaining interrogatories which seek relevant and discoverable information.
13 Defendants' objections to these interrogatories are hereby overruled and Defendants are ordered to
14 provide responsive answers to the Interrogatories.

15          Defendants are hereby ordered to serve responsive supplemental answers to interrogatories
16 within 10 days of the date of this order.

17          **C.      Plaintiff's Request for Audit at Defendants' Expense.**  Plaintiff has not demonstrated
18 in its Motion to Compel that the Court should order an audit of Defendants' records at Defendants'
19 expense at this time.  This request is denied, without prejudice.

20          **D.      Plaintiff's Request for Sanctions.**  Rule 37(a)(4)(A) provides that if the motion to
21 compel is granted, the moving party shall be awarded its reasonable expenses in making the motion,
22 unless the court finds that the motion was filed without the moving party first making a good faith
23 effort to obtain discovery without court action or that the opposing party's response or objection was
24 substantially justified, or that other circumstances make an award of expenses unjust.  In this case,
25 sanctions would be appropriate based on the failure of Defendants to produce any documents in
26 response to Plaintiff's request for production of documents or to serve reasonably responsive answers to
27 interrogatories.  Additionally, Defendants' objections regarding the alleged vagueness or overbreadth of
28 the terms "ACCUSED PRODUCTS,"  "DEDUCTIBLE EXPENSES" and "GROSS REVENUE" lack

reasonable merit.  Nevertheless, it appears to the Court that Plaintiff did not engage or attempt to engage in the type of meet and confer conference required by Rule 37(a)(4)(A).  Defendants argue that during the meet and confer conference, they sought to obtain clarification of the discovery requests and agreed to provide discovery responses if clarification was provided and a protective order regarding confidential information was entered.  Although a motion to compel may still have been necessary even if the parties had properly engaged in a meet-and-confer conference, any opportunity to resolve the discovery dispute without judicial intervention appears to have been doomed by the manner in which Plaintiff conducted the meet-and-confer conference.  The Court will, therefore, exercise its discretion not to award sanctions against Defendants based on Plaintiff's counsel's failure to engage in a meaningful meet and confer conference as described in *Cotacom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999).   Sanctions will be imposed, however, if Defendants fail to timely produce documents and information in accordance with this order.

**IT IS HEREBY ORDERED** that Plaintiff Koninklijke Philips Electronics N.V.'s Motion to Compel Discovery from Defendants Amoi Electronics, Inc.; Amoi Electronics, Ltd.; and Amoi Electronics Co. (#488) is **granted** in accordance with the foregoing provisions of this Order.

**IT IS FURTHER ORDERED** that Defendants are to provide proper responses to requests for production of documents within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that Defendants are to serve responsive supplemental answers to interrogatories within 10 days of the date of this order.

**IT IS FURTHER ORDERED** that Defendants are to serve a proper privilege log regarding the email communications listed in Exhibit "M" of their Opposition (#87).

DATED this 21st day of February, 2007.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE